## Case No. 3,847.

### In re DEVORE.

[16 N. B. R. 56; [1] 24 Pittsb. Leg. J. 185, 187.]
District Court, W. D. Pennsylvania. June 28, 1877.

BANKRUPTCY — SALE OF LANDS FREE OF LIENS—INTEREST—COMMISSIONS AND COSTS — JURISDICTION OF STATE COURT.

1. Where the assignee has sold real estate discharged of liens, he should allow interest on the liens to the date of making up his report of distribution.

2. Attorney's commissions and costs stipulated to be paid on foreclosure are not allowable when the proceedings to foreclose are invalid.

3. When the bankrupt court has first taken jurisdiction by ordering a sale of mortgaged premises, discharged of liens, it thereby ousts a state court of jurisdiction to foreclose the mortgage.

[In bankruptcy. In the matter of Abraham A. Devore.]

A. H. Miller, for exceptions.

P. C. Knox, for report.

KETCHAM, District Judge. In the matter of the exceptions to the report of Register Harper, ascertaining liens and distributing the fund arising from the sale of real estate, filed February 16, 1877:

First. The register should have allowed interest on the demand in this case up to the date of making up his report. It is not practicable to allow it beyond that date, as his report, when confirmed, must furnish the schedule of distribution in pursuance of which payment is to be made. He allowed interest up to September 15, 1876. He made up his report on February 15, 1877. Therefore interest for five months longer should be added to the amount reported. The amount of principal debt is three thousand and seventy-two dollars and sixty-five cents. The interest thereon for five months, and which should be added to the amount reported, is seventy-five dollars and fifty-four cents.

Second. The register made no error in reporting against the costs of the scire facias and the commissions of five per cent. as part of the expense of foreclosure of the mortgage by scire facias. The mortgage was not foreclosed. No legal and valid proceeding to foreclose was either carried to conclusion or commenced. The mortgage debtor was adjudicated bankrupt in February, 1876. The mortgagee, in June, 1876, issued a scire facias, not against the assignee in bankruptcy, but against the bankrupt, and without notice to the assignee, and procured the bankrupt's acceptance of service of the scire facias, and proceeded no further. The proceeding, as far as it went, was utterly invalid, for it was a suit upon a scire facias with but one party—without a defendant—and never could have been carried to a judgment that would bind the property

[1] [Reprinted from 16 N. B. R. 56, by permission.]

in the hands of the assignee. It was a nullity, and no consideration for the five per cent. commission and costs stipulated to be paid on foreclosure. Moreover, there was no necessity for issuing the scire facias against anybody. The assignee in bankruptcy was appointed, and his appointment approved March 28, 1876. On May 29, 1876, he applied to the court and obtained an order to sell the mortgaged premises, and sold them July 8, 1876, discharged of liens, and produced the money distributed. In June, 1876, after the order of sale was granted to the assignee, the plaintiff's attorney says he issued his scire facias against the bankrupt and got his acceptance of service. For what purpose, with an order of sale out? The cases in first and second Otto, cited by counsel for exceptant, have no application to the case. In the case in first Otto, the scire facias had been served upon the mortgagors, and the court had jurisdiction of the proper parties and had proceeded within a few days of a decree of foreclosure before the defendant went into bankruptcy. The decree was entered without noticing the assignee in bankruptcy, and was valid against the assignee as against any other alienee or transferee pendente lite. In the case in second Otto, there was no question of parties; it was altogether a question of jurisdiction of the circuit court. But the bill in chancery originally went against the defendant, a bankrupt, and, on ascertaining the bankruptcy, it was afterwards amended, and the assignee was substituted, showing the necessity of making the assignee the defendant. We do not deem it necessary or important in this case to discuss the jurisdiction of the common pleas of Fayette county in the proceedings to foreclose this mortgage, in case it had gone on to foreclosure, yet there is no doubt that when the bankrupt court, as in this case, had first taken jurisdiction by ordering a sale of the mortgaged premises, discharged of liens, it ousted the jurisdiction of the common pleas. Both jurisdictions cannot deal with the same case at the same time.

Therefore, to conclude: The first exception is sustained and the report amended by awarding to the mortgagee's claim the aforesaid additional amount. The second exception is overruled and the report confirmed as to that.